**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

SEBASTIAN PEREZ SEGOVIA,

Petitioner,

v.

WARDEN, DELANEY HALL DETENTION FACILITY, *et al.*,

Respondents.

Civil Action No. 26-9600 (MAS)

**MEMORANDUM OPINION**

**SHIPP, District Judge**

This matter comes before the Court upon Petitioner Sebastian Perez Segovia's newest habeas petition. (ECF No. 1.) Because Petitioner paid the applicable filing fee, this Court is required by Rule 4 of the Rules Governing Section 2254 Cases, applicable to § 2241 petitions through Rule 1(b), to screen the petition and determine whether it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to [habeas] relief." Pursuant to this rule, a district court is "authorized to dismiss summarily any habeas petition that appears legally insufficient on its face." *McFarland v. Scott*, 512 U.S. 849, 856 (1994).

By way of background, Petitioner filed his first habeas petition on May 20, 2026. (Docket No. 26-5779 at ECF No. 1.) In his petition, Petitioner argued that he had been improperly detained without bond pursuant to 8 U.S.C. § 1225(b)(2), and that he was instead subject to detention only under 8 U.S.C. § 1226(a), under which he was entitled to a bond hearing. On May 21, 2026, the Court held that Petitioner was entitled to a bond hearing under 8 U.S.C. § 1226(a) and the Court's prior decision in *Aguilar Ramos v. Soto*, No. 25-15315, 2025 WL 3251447 (D.N.J. Nov. 21, 2025),

and ordered the Government to provide Petitioner with a bond hearing within ten days. (Docket No. 26-5779 at ECF No. 3.) On May 28, 2026, an immigration judge held that bond hearing. (Docket No. 26-5779 at ECF No. 5-1.) The immigration judge denied Petitioner's bond request, finding that Petitioner had failed to meet his burden to show, by a preponderance of the evidence, that he was neither a danger to the community nor a flight risk. (*Id.*)

Unsatisfied with the outcome of his bond hearing, Petitioner filed a second habeas petition in which he essentially disputed the immigration judge's factual determinations as to the denial of bond. (Docket No. 26-7093 at ECF No. 1.) On July 8, 2026, this Court dismissed that petition, explaining as follows:

> Aliens, such as Petitioner, who are subject to the Government's detention authority under 8 U.S.C. § 1226(a) may be detained throughout their removal proceedings. If the Government chooses to detain an alien, the alien is entitled to a bond hearing before an immigration judge at which the alien may demonstrate the entitlement to bond by showing that he is neither a flight risk nor a danger to the community. *Borbot v. Warden Hudson Cnty. Corr. Facility*, 906 F.3d 274, 278-79 (3d Cir. 2018). Once a detained alien receives such a hearing and is denied bond, "[n]o court may set aside" the immigration judge's decision as to "the denial of bond." 8 U.S.C. § 1226(e). An alien's mere disagreement with the outcome of a bond hearing is thus no basis for relief, and an alien can challenge his bond hearing only by showing that the hearing was fundamentally unfair. *See, e.g.*, *Ghanem v. Warden Essex Cnty. Corr. Facility*, No. 21-1908, 2022 WL 574624, at *2 (3d Cir. Feb. 25, 2022). An alien receives a fundamentally fair bond hearing when the bond hearing provides "factfinding based on a record produced before the decisionmaker and [which is] disclosed to him or her," an opportunity to "make arguments on his . . . own behalf," and the "right to an individualized determination of his . . interests." *Id.*
>
> In his . . . habeas petition, Petitioner is silent about what occurred at his bond hearing. He does not argue that his hearing was fundamentally unfair, but instead merely asserts that he should have been granted release on bond. This Court has no jurisdiction to second guess the immigration judge's decision as to Petitioner's bond hearing. § 1226(e). Likewise, because Petitioner has not argued, let alone made a prima facie case, that his bond hearing was

> fundamentally unfair, Petitioner fails to state a claim for habeas relief as to the denial of bond. *Ghanem*, 2022 WL 574624, at *2.

(Docket No. 26-7093 at ECF No. 5 at 3.)

On July 30, 2026, Petitioner filed his current habeas petition. (ECF No. 1.) In his new habeas petition, Petitioner makes two arguments. First, he reasserts his belief that the bond hearing he received was inadequate. Petitioner, however, again fails to assert any basis other than his own disagreement with the immigration judge's determinations to support this allegation.[1] As Petitioner has again failed to allege, let alone show, that his bond hearing was fundamentally unfair, that claim must be dismissed without prejudice for the reasons this Court provided above in dismissing his second habeas petition.

In his final claim, Petitioner asserts that his detention under 8 U.S.C. § 1226(a) has become unduly prolonged as it has gone on for three months while he awaits the outcome of his appeal of his removal order to the Board of Immigration Appeals. While the Court of Appeals in *Borbot* left open the possibility that a detainee under § 1226(a) may eventually be subject to detention so prolonged that more than a bond hearing is required to support continued detention, the Third Circuit explicitly found that the petitioner in *Borbot* failed to make out such a case even after more than two and a half years of detention. *Borbot*, 906 F.3d at 278-80. Petitioner's three months of detention pale in comparison to the length of detention the petitioner in *Borbot* faced, and it is therefore clear that, like the petitioner in *Borbot*, Petitioner fails to make out a valid prolonged

---

[1] Petitioner briefly asserts that the "Government never established . . . that Petitioner currently presents either danger to the community or a substantial risk of flight." (ECF No. 1 at 10.) Even assuming this was intended to argue that the Government should have borne the burden of proof at Petitioner's bond hearing, Petitioner is mistaken. In a bond hearing under 8 U.S.C. § 1226(a), the petitioner bears the burden of proving he is *not* a flight risk or danger at all times. *Borbot*, 906 F.3d at 278-79. Thus, at his bond hearing it was *Petitioner*, and not the Government, who was required to prove his case by a preponderance of the evidence. That the Government did not bear the burden does not render his bond hearing unfair, and is no basis for habeas relief. *Id.*

detention claim. Petitioner's habeas petition must therefore be dismissed for failure to state a valid claim for habeas relief.

For the reasons expressed above, Petitioner's habeas petition (ECF No. 1) is **DISMISSED WITHOUT PREJUDICE**. An order consistent with this Memorandum Opinion will be entered.

**MICHAEL A. SHIPP**
**UNITED STATES DISTRICT JUDGE**

Dated: September 15th, 2026